### Jesse Griffith v. Department of Employment Security

[376 A.2d 758]

No. 177-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Cheney, Brock & Sidel*, Montpelier, for Plaintiff.

*David M. Wilson*, Montpelier, for Defendant.

**Billings, J.** The claimant is a Barre granite worker and member of the Granite Cutters International Association who is appealing a decision of the Employment Security Board which denied unemployment benefits for the weeks ending July 6 and July 13, 1974. The Board denied the claim on the basis that the claimant received "vacation pay" which exceeded the benefits to which he may have been otherwise entitled. 21 V.S.A. § 1344(a)(5)(B). In arriving at this computation, the Board

allocated vacation pay received from two former employers in August, September, and November, 1973, as well as the amount received from his present employer in July, 1974, and applied to the period of usual and customary industry shutdown for vacation in July, 1974. Claimant does not challenge the application of the vacation pay received in July, 1974, to the July, 1974, claims, but does challenge the allocation of the amounts received in 1973 to the 1974 shutdown period. Appellant alleges that the 1973 payments should be allocated to the weeks directly following the layoff.

21 V.S.A. § 1344(a)(5)(B) provides:

> (a) An individual shall be disqualified for benefits:
>
> . . . .
>
> (5) For any week with respect to which he is receiving or has received remuneration in the form of:
>
> . . . .
>
> (B) Vacation with pay;
>
> . . . .
>
> Provided that if such remuneration is less than the benefits which would otherwise be due under this chapter, he shall be entitled to receive for such week, if otherwise eligible, benefits reduced by the amount of such remuneration.

The Board justifies its 1973 allocation on the provisons of the union contract and subsequent explanatory letter of the association business agent. In our review of these documents, we do not find any mention whatsoever of allocation, and hence the contract cannot be the basis for that decision. The Board also claims that the custom in the industry requires this conclusion. Our review of the evidence revealed no evidence to that effect, but only that "it had been and is the practice and custom in the granite industry to close down for a vacation period of two weeks at the time of the July Fourth holiday". There was no reference whatsoever to allocation.

Because there is no basis in the record for the Board's allocation of the 1973 payments to the 1974 vacation period, the allocation cannot stand. We hold that vacation pay received shall be allocated to the period immediately following termination of employment. In the case at bar, claimant's unemployment benefits for the periods in August, September,

and November, 1973, must be recomputed to reflect the proper allocation of the vacation pay received at that time. Likewise, the benefits applied for in the weeks ending July 6 and 13, 1974, also must be reconsidered to reflect the proper allocation of vacation pay received then.

*The order of the Employment Security Board disqualifying claimant for benefits is reversed, and the cause is remanded for the computation of benefits and offsets.*